| | |
|---|---|
| MICHAEL J. REDENBURG, ESQ. PC<br>Michael Redenburg, Esq. (NY #MR4662)<br>32 Broadway, Suite 811<br>New York, NY 10004<br>Telephone: (212) 240-9465<br>Facsimile: (917) 591-1667 | |

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **MARK A. HARBOUR, JR.,**<br><br>                              **Plaintiff,**<br>v.<br><br>**NYPD Officer Rizwan Aslam and NYPD Officers JOHN DOES 1 through 2, individually and in their official capacities (the names John Doe being fictitious, as the true names are presently unknown).**<br><br>                              **Defendants.** | **Complaint**<br><br>**JURY TRIAL DEMANDED**<br><br>Civ. No.: 17-4194 |

**PRELIMINARY STATEMENT**

1. Plaintiff brings this civil rights action against NYPD Officers Rizwan Aslam and John Does 1 through 2, alleging that defendants violated his rights under 42 U.S.C. § 1983, the Fourth and Fourteenth Amendments to the United States Constitution by falsely arresting him, and for the use of excessive force against him. Plaintiff seeks compensatory and punitive damages, attorney's fees and costs and such other and further relief as the Court deems just and proper.

## JURISDICTION AND VENUE

2. This action is brought pursuant to 42 U.S.C. §§1983 and 1988, and the Fourth & Fourteenth Amendments to the United States Constitution. Jurisdiction is conferred upon this Court by 28 U.S.C. §1331 and §1343.

3. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. §1391 (b) and (c) because a substantial part of the events giving rise to Plaintiff's claims occurred in this District, Plaintiff resides in this District and because some or all of the defendants reside in this District.

## DEMAND FOR A JURY TRIAL

4. Pursuant to Fed. R. Civ. P. 38, Plaintiff demands a trial by jury in this action.

## PARTIES

5. Plaintiff Mark A. Harbour, Jr. ("Plaintiff" or "Mr. Harbour") is a resident of Kings County in the City and State of New York.

6. Plaintiff Mark A. Harbour, Jr. is twenty three (23) years of age.

7. The individual defendants are members of the New York City Police Department ("NYPD") who were so employed on June 22, 2017. The defendants were acting under color of state law and in their capacities as members of the NYPD at all relevant times. The defendants are sued in their individual and official capacities.

## STATEMENT OF FACTS

8. The Incident which is the subject of the instant Complaint took place in afternoon of June 22, 2017 and in the vicinity of the South 10th Street and Berry Street, Brooklyn, NY.

9. Plaintiff was lawfully in front of his friend's building and waiting for his friend's mother to help her with the groceries.

10. While waiting, Plaintiff left his cell phone outside by accident.

11. As Plaintiff ascended the stairs, helping his friend's mother with the groceries, Plaintiff realized that he had left his phone outside.

12. Plaintiff went back downstairs and when he got outside, he saw NYPD Officers Rizwan Aslam and NYPD Officers John Does 1 and 2 talking to his friend.

13. Plaintiff then saw NYPD Officer John Doe 1 with Plaintiff's phone in his hand.

14. Next, Plaintiff asked NYPD Officer John Doe 1 for his phone and explained to the Officer that Plaintiff could prove the phone was his by swiping his finger on the phone.

15. NYPD Officer John Doe 1 told Plaintiff that he would not give Plaintiff the phone, but rather, that Plaintiff would have to go to the precinct to get the phone back.

16. NYPD Officer Rizwan Aslam then pushed Plaintiff away from the NYPD van they were all standing near and Plaintiff heard the officers saying that Plaintiff was resisting arrest.

17. Next, NYPD Officer Rizwan Aslam and NYPD Officers John Does 1 and 2 pushed Plaintiff against the NYPD van and finally threw Plaintiff to the ground. Plaintiff landed on his left shoulder.

18. Plaintiff was handcuffed and transported to the 90th Precinct.

19. Thereafter, Plaintiff was taken to Central Booking to await arraignment.

20. Following a nineteen (19) hour detention, Plaintiff appeared before a Criminal Court Judge where he learned that he had been charged with a sole count of Disorderly Conduct, a violation and not a crime.

21. At arraignment, the matter was adjourned in contemplation of dismissal.

22. Plaintiff subsequently went to NYU Langone Hospital due to the pain in his lower back and left shoulder following his encounter with NYPD Officer Rizwan Aslam and NYPD Officers John Does 1 and 2 as more fully set forth, above.

23. As a result of the foregoing, Plaintiff suffered an unlawful detention, loss of liberty, pain and injury, fear, anxiety, humiliation and degradation – all to his detriment.

## FIRST CLAIM
*Unlawful Stop and Search*

24. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

25. Defendant NYPD Officer Rizwan Aslam violated the Fourth and Fourteenth Amendments because he stopped and searched Plaintiff without reasonable suspicion.

26. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages herein before alleged.

27. As a result of the foregoing, Plaintiff suffered an unlawful detention, loss of liberty, pain and injury, fear, anxiety, humiliation and degradation – all to his detriment.

## SECOND CLAIM
*False Arrest*

28. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

29. Defendant NYPD Officer Rizwan Aslam violated the Fourth and Fourteenth Amendments because he arrested Plaintiff without probable cause.

30. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## THIRD CLAIM
*UNREASONABLE FORCE UNDER 42 U.S.C. §1983*

31. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

32. NYPD Officers Rizwan Aslam and NYPD Officers John Does 1 and 2 violated the Fourth and Fourteenth Amendments when they physically pushed him to the ground, which caused Plaintiff to suffer an abrasion to his left shoulder, along with pain in his left shoulder and lower back. This degree of force was unreasonable because it was not necessary under the circumstances especially in light of the fact that Plaintiff was unarmed at the time he was so assaulted by NYPD Officer Rizwan Aslam and NYPD Officers John Does 1 and 2, and charged with a sole count of Disorderly Conduct, a violation and not a crime.

33. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the injuries and damages hereinbefore alleged.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully requests judgment against defendants as follows:

a. Compensatory damages against all defendants, jointly and severally;

b. Punitive damages in an amount to be determined by a jury;

c. Reasonable attorneys' fees and costs; and

d. Such other relief as this Court shall deem just and proper.

Dated: July 14, 2017
New York, NY

**s/Michael J. Redenburg\_\_\_\_\_**
Michael J. Redenburg (NY #MR4662)
MICHAEL J. REDENBURG, ESQ. PC
32 Broadway, Suite 811
New York, NY 10004
mredenburg@mjrlaw-ny.com
1-212-240-9465 (Phone)
1-917-591-1667 (Fax)